IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| United Steel, Paper and Forestry, Rubber, Manufacturing, Allied Industrial and Service Workers International Union, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>Magnitude 7 Metals, LLC, <br><br>　　　　Defendants. | Civil Action No. |

## COMPLAINT

COMES NOW United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("Union"), Plaintiff, and brings this action against Defendant Magnitude 7 Metals, LLC ("Magnitude 7"):

## PARTIES

1. The Union is the exclusive collective bargaining representative of employees at an aluminum smelter in Marston, Missouri.

2. As a "representative" of employees under the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101(a)(4), et seq., the Union has authority to bring this action on behalf of its members. United Food and Commercial Workers Local 751 v. Brown Group, Inc. dba Brown Shoe Co., 517 U.S. 544, 116 S.Ct. 1529 (1996).

3. Magnitude 7 is a corporation whose principal place of business is in Marston, Missouri. Magnitude 7 is an employer as defined by 29 U.S.C. § 2101 and 20 C.F.R. § 6393.

**JURISDICTION AND VENUE**

4. Plaintiff brings this action pursuant to the WARN Act. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 2104(a)(5).

**FACTS**

5. Magnitude 7 operated an aluminum smelter in Marston, Missouri where it employed at least 100 employees.

6. On or about January 24, 2024, Magnitude 7 announced that it was curtailing operations at its Marston, Missouri facility.

7. On or about January 28, 2024, Magnitude 7 laid off over 400 employees from its Marston, Missouri facility (the "layoff").

8. Magnitude 7 did not provide written notice to the affected employees 60 days before the layoff of those employees.

9. Magnitude 7 did not at any time provide written notice of the layoff to the affected employees.

10. Magnitude 7 did not at any time provide written notice of the layoff as required by the WARN Act to the Union.

11. Magnitude 7 did not at any time provide written notice of the layoff as required by the WARN Act to any state dislocated worker unit.

12. Magnitude 7 did not at any time provide written notice of the layoff as required by the WARN Act to any local chief elected official.

13. The Union, on behalf of its Local 7686, is party to a collective bargaining agreement with Magnitude 7.

14. The Union and Local 7686 exclusively represent Magnitude 7 employees belonging to the bargaining unit defined in the CBA.

15. As of the date of this filing, no laid-off employees have been recalled to employment at Magnitude 7's Marston, Missouri facility.

16. The layoff was not caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required.

17. The layoff was not due to any form of natural disaster.

18. Magnitude 7 violated the WARN Act (29 U.S.C. § 2101, et seq.) by failing to provide written notice to its employees 60 calendar days prior to laying off those employees.

19. Magnitude 7's failure to provide timely notice resulted in damages to the Plaintiff and its members in addition to entitling the Plaintiff to payment of penalties, attorney's fees, and the recovery of damages as provided under the WARN Act.

**WHEREFORE,** premises considered, the plaintiff prays that this Honorable Court will:

(a) Require Defendant to pay each affected employee backpay for each day of the Defendant's violation;

(b) Require Defendant to pay each affected employee benefits under an employee benefit plan described in section 1002(3) of this title, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred.

(c) Plaintiff demands an equitable accounting, imposition of a constructive trust and resulting restitution via disgorgement to the affected employees of the funds unjustly retained by Defendant.

(d) Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted this 8th day of May, 2024.

/s/ Greg A. Campbell
GREG A. CAMPBELL, #35381
EMILY R. PEREZ, #62537
HAMMOND AND SHINNERS, P.C.
13205 Manchester Road, Ste. 210
St. Louis, MO 63131
Ph: (314) 727-1015
Fax: (314) 727-6804
eperez@hammondshinners.com
gcampbell@hammondshinners.com

Attorneys for United Steel, Paper and Forestry, Rubber, Manufacturing, Allied Industrial and Service Workers International Union